COMFORT ELWELL AND PETER P. POST, EXECUTORS, ETC., OF JERRY BLAIN, DECEASED, IN BEHALF OF THEMSELVES AND ALL OTHER CREDITORS OF THE ESTATE OF ELHANAN VAN LIEW, DECEASED, APPELLANTS, *v.* STEPHEN V. R. JOHNSON, ABRAHAM B. JOHNSON, IMPLEADED, ETC., RESPONDENTS.

*Demurrer — action in behalf of plaintiff and all other creditors — what complaint in must contain.*

AN appeal from an order sustaining a demurrer to the plaintiffs' complaint.

The action was brought by the plaintiffs above named, in behalf of themselves and all other creditors of the estate of Elhanan Van Liew, upon the theory that the defendants, the administrators, are trustees, by virtue of their office as administrators, and the defendants, Stephen V. R. Johnson and Abraham B. Johnson, are trustees *in invitum* of a fund arising from the sale of lands in Michigan for the payment of the debts of Van Liew, and that the plaintiffs and others are the *cestui que trust* of that fund, as creditors of Van Liew's estate. The defendants demurred on the ground that the complaint did not state facts constituting a cause of action.

The General Term was of opinion that the complaint was defective, 1st. So far as the plaintiff sued in behalf of other creditors, because it did not allege that there were any other creditors; 2d. Because it neither alleged that the plaintiffs were judgment creditors, nor any facts upon which a judgment could be given in their favor. That if it be not necessary to show in such case that the indebtedness has been previously adjudicated upon, the complaint must at least state the facts upon which the original indebtedness can be adjudicated upon in this action. The complaint in this case simply alleged that the plaintiffs, as executors, were creditors of the estate of Van Liew, in an amount which they "leave for the proof to determine."

The case of *McCartney* v. *Bostwick* (32 N. Y., 52) was distinguished, so far as it tended to show that it was not necessary to have recovered a judgment before bringing this action, as in that case no legal remedy existed.

*McDonald & Rose*, for the appellants.

*Charles A. Hawley*, for the respondents.

Opinions by GILBERT and DWIGHT, JJ.

Order affirmed, with costs.